UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS ALLEN BUTLER,<br><br>                    Petitioner,<br><br>v.<br><br>MIKE OBENLAND,<br><br>                    Respondent. | NO: 2:14-CV-0291-TOR<br><br>ORDER DISMISSING HABEAS ACTION |

   BEFORE THE COURT is Petitioner's First Amended Petition (ECF No. 6). Petitioner, a prisoner at the Clallam Bay Corrections Center, is proceeding *pro se* and *in forma pauperis;* Respondent has not been served. After liberally construing the First Amended Petition in the light most favorable to Petitioner, the Court finds that it fails to cure the deficiencies of the initial petition.

   Petitioner challenges his Spokane County jury convictions for First Degree Burglary, First Degree Robbery, two counts of First Degree Assault, First Degree Kidnapping and Conspiracy to Commit First Degree Robbery. He was sentenced to life without parole on June 10, 2010.

ORDER DISMISSING HABEAS ACTION -- 1

## PROCEDURAL HISTORY IN STATE COURT

Mr. Butler asserts that the Washington State Court of Appeals, Division III, affirmed his convictions on February 13, 2012.[1] He did not seek further appellate review. Rather, Petitioner states that he filed a Personal Restraint Petition in the Washington State Court of Appeals, Division III, in February 2014, asserting "incomplete record, judicial abuse of discretion and ineffective assistance." It appears this date of February 2014 is a typographical error. Elsewhere in his typewritten First Amended Petition, Petitioner indicates that he filed a RAP 7.8 Motion for a New Trial in the Spokane County Superior Court on January 21, 2013, which was transferred to the Court of Appeals as a Personal Restraint Petition and denied on September 9, 2013 (ECF No. 6 at 17). The Washington State Supreme Court then denied review on June 27, 2014.

## HABEAS CLAIMS

As his grounds for federal habeas relief, Petitioner asserts "incomplete record," claiming that he was not provided a complete transcript of the trial

---

[1] In a Declaration attached to the First Amended Petition, Mr. Butler states that the Court of Appeals, Division III, denied his direct appeal on January 5, 2012 (ECF No. 6 at 25). State Court records confirm that Thomas Allen Butler's convictions were affirmed on appeal on January 5, 2012, in cause number 29187-1-III.

ORDER DISMISSING HABEAS ACTION -- 2

proceedings. In his second ground for relief, Petitioner contends that he is "entitled to an evidentiary hearing to determine the facts of the incomplete record."

In support of his habeas claims, Petitioner asserts that following the testimony of a State's witness at his trial on April 13, 2010, this witness disclosed to the court that he knew one of the jurors from Church (ECF No. 6 at 17). Petitioner avers that although the judge stated he would "look into it," the court, defense counsel and the prosecuting attorney failed to address the witness's disclosure or to further investigate the juror's ability to be fair and impartial. Petitioner asserts that the trial resumed the following day as if the disclosure had not been made (ECF No. 6 at 18). He contends that when he received his trial transcript on direct appeal, this disclosure that a State's witness was acquainted with a juror was omitted from the transcript (ECF No. 6 at 18).

Petitioner states that when he wrote to the court reporter, after his convictions were affirmed on appeal, she responded on November 13, 2012, stating, "I have re-checked my record for the date and time you reference. There is a short discussion between Judge Cozza and witness Hill just before court recessed on 04/13/2010 regarding that witness's possible recognition of one of the jurors. If that doesn't appear in the transcript, please have your appellate attorney contact me." (ECF No. 6 at 18).

Petitioner states that when he informed the court reporter by letter dated November 18, 2012, that he was acting as his own attorney, and requested the transcript of the omitted discussion between Judge Cozza and witness Hill, she did not respond. Petitioner asserts that he made several more requests for the transcript in question, but the court reporter did not respond (ECF No. 6 at 18). Ultimately, Petitioner admits that no transcript of the discussion between Judge Cozza and witness Hill exists (ECF No. 6 at 44).

Petitioner contends that the failure to provide him with a complete record on appeal denied him the opportunity to present relevant issues to the appellate court (ECF No. 6 at 19). Petitioner also complains that in the absence of a complete record, he was unable to effectively challenge issues of abuse of discretion and ineffective assistance of counsel on collateral attack (ECF No. 6 at 27). He argues that the trial court abused its discretion in failing to deal with a credible possibility of juror bias, and trial counsel provided ineffective assistance in failing to do the same (ECF No. 6 at 21). Petitioner asserts that he should be granted an evidentiary hearing to "determine the facts of the omission from the record, and if he was prejudiced by them." (ECF No. 6, at 21).

As stated in the Order to Amend Petition (ECF No. 5), "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to explore their case in

ORDER DISMISSING HABEAS ACTION -- 4

search of its existence." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (*citing Calderon v. U.S.D.C. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996)).

Here, Petitioner was aware that a witness acknowledged an acquaintance with a juror at the time it occurred. Following his direct appeal, he possessed a letter from a court reporter acknowledging that such a colloquy occurred. Nevertheless, Petitioner did not raise a separate claim challenging the fairness or impartiality of a juror in an appropriate collateral proceeding in the state courts. Instead, he seeks in this habeas action to discover if such a claim might exist. Petitioner is not entitled to the federal habeas relief he seeks.

## FEDERAL LIMITATIONS PERIOD

Furthermore, it is clear from the documents presented that this Federal Habeas action is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) took effect on April 24, 1996, and imposes a one-year statute of limitation for prisoners in state custody to file a federal petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). *Lindh v. Murphy,* 521 U.S. 320, 327-27 (1997).

The period of limitations begins on the day that direct appellate review of the petitioner's case concludes. "[I]t is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review." See *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In

Washington, a petition for review must be filed within 30 days of the appellate court decision. See RAP 13.4(a), Washington Rules of Appellate Procedure.

In his Declaration, Mr. Butler states that the Court of Appeals, Division III, denied his direct appeal on January 5, 2012 (ECF No. 6 at 25). He indicates that a certificate of finality was issued on February 13, 2012. Because Petitioner did not seek further appellate review, the date on which his "time for seeking such review," would have expired thirty days after January 5, 2012, on February 4, 2012. *See* 28 U.S.C. § 2244(d)(1)(A).

The onset of the period of limitations may be delayed if (1) the state unconstitutionally prevented a petitioner from filing on time; (2) the Supreme Court announces a new rule of law that applies retroactively to petitioners; or (3) the factual basis for a petitioners claim could not have been known to him through "due diligence." *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Mr. Butler has presented no facts demonstrating any grounds to delay the running of the limitations period.

Courts have rejected the proposition that the absence of transcripts automatically triggers statutory tolling under § 2244(d)(1)(B). *See Clark v. Okla.*, 468 F.3d 711, 714 (10th Cir. 2006) (petitioner "failed to explain why the documents held by the state were necessary to pursue his federal claim"); *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) ("the limitations period should not be tolled during the pendency of Mr. May's various motions for transcripts and

petitions for writs of mandamus relating to those motions") (citing *Osborne v. Boone*, No. 99–7015, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. April 12, 1999)) (unpublished) ("attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)"); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (absence of transcript did not prevent petitioner from filing habeas corpus petition); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (lack of access to transcript does not preclude petitioner from commencing habeas corpus proceedings).

In the absence of a statutory basis to delay the running of the federal limitations period, it commenced on February 4, 2012. Under the "anniversary method" of Federal Rule of Civil Procedure 6(a), the deadline for filing the Federal Habeas Petition was February 4, 2013. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

The one-year statute of limitations, however, is tolled during the period "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). Mr. Butler states that he filed a RAP 7.8 Motion for a New Trial in the Spokane County Superior Court on January 21, 2013, which was transferred to the Court of Appeals as a Personal Restraint Petition and denied on September 9, 2013

ORDER DISMISSING HABEAS ACTION -- 7

(ECF No. 6 at 17). The Washington State Supreme Court then denied review on June 27, 2014.

Assuming that the motion Petitioner presented to the Spokane County Superior Court was properly filed on January 21, 2013, a significant portion of the federal limitations period, 352 days, had already expired by that date. Consequently, only 13 days of the federal limitations period remained to file a federal habeas petition after the Washington State Courts completed collateral review on June 27, 2014. Based on the tolling effect of his Personal Restraint Petition, the deadline for filing a timely Federal Habeas Petition was extended only until July 10, 2014. Mr. Butler did not sign his initial petition until August 26, 2014. Petitioner has presented no basis to equitably toll the federal limitations period. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

For the reasons set forth above and in the Court's previous Order (ECF No. 5), **IT IS ORDERED** this habeas action is **DISMISSED** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts and **with prejudice** as time-barred under 28 U.S.C. § 2244(d).

### REVOCATION OF IN FORMA PAUPERIS STATUS

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is satisfied when an individual "seeks appellate review of any

ORDER DISMISSING HABEAS ACTION -- 8

issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's in forma pauperis status. If Plaintiff wishes to pursue an appeal, he must pay the requisite filing fee.

**IT IS SO ORDERED**.  The District Court Executive shall file this Order and enter judgment in favor of Respondent. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** January 14, 2015.

THOMAS O. RICE
United States District Judge

ORDER DISMISSING HABEAS ACTION -- 9